[S. F. No. 2365.   Department Two.—January 20, 1903.]

## RAUER'S LAW AND COLLECTION COMPANY, Respondent, v. JAMES GILLERAN, Defendant, and ANNE GILLERAN, Appellant.

ACTION ON NOTE—HUSBAND AND WIFE—DEFAULT JUDGMENT AGAINST WIFE—FRAUD OF HUSBAND—MOTION TO VACATE JUDGMENT.—In an action upon a note executed by a husband and wife, where the wife's affidavit on motion to set aside a default judgment shows without substantial contradiction that she intrusted her defense to her husband, who undertook to conduct it, but acting in collusion with the plaintiff, and with malicious intent towards her (to whom he had become hostile), designedly suffered her default to be taken, while she, relying upon him, gave no personal attention to the proceedings, and had no notice of them until the execution was about to be levied upon her property, and such affidavit was accompanied by an affidavit of merits, in due form, the motion should have been granted.

ID.—ERRONEOUS ORDER DENYING MOTION—SUSPICION AS TO AFFIDAVIT OF MERITS—ORDER FOR EXAMINATION.—It was error for the court, upon suspicion of the truth of the affidavit of merits, to require her attorney to bring her into court to be examined as to whether she owed any of the money or not, and to deny the motion, on the counsel declining to produce her.

ID.—CONCLUSIVENESS OF AFFIDAVIT OF MERITS.—The affidavit of merits need not disclose the facts constituting the defense, nor can it be contradicted, or the merits of the case tried, on the hearing of the motion.   There may be other defenses to a note besides a denial of signature, and the court was not justified in departing from the regular course, because the wife's name was signed to the note.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to vacate a judgment by default.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

H. H. Lowenthal, for Appellant.

The facts show an abuse of discretion, which ought to have been guided by the established rules, and to have been exercised to bring about a judgment on the very merits of the case.   (*Bailey* v. *Taaffe*, 29 Cal. 424; *Lybecker* v. *Murray*,

58 Cal. 189; *Grady* v. *Donahoo,* 108 Cal. 211; *Seymour* v. *Delancy,* 3 Cow. 505; *Simmons* v. *Church,* 31 Iowa, 286; *Dooley* v. *Barker,* 2 Mo. App. 328.)   The affidavit of merits was in due form, and is conclusive upon the motion to set aside the judgment by default.   (*Douglass* v. *Todd,* 96 Cal. 655.[1])

William Tomsky, for Respondent.

The court had discretion to require "such terms as may be just," and what was required of the appellant was merely proper terms, as a condition of setting aside the default, which the appellant refused to comply with.   (Code Civ. Proc., sec. 473.)

SMITH, C.—In a suit on a promissory note purporting to have been made by the defendants, and set out at length in the complaint, the defendant Anne Gilleran, who is the wife of the other defendant, suffered default; and after an answer by her husband and a trial of the issues thus raised, judgment was entered against both for the amount of the note ($763.33) and costs.   Afterwards she moved to set aside the judgment and default; and the motion being denied, she now appeals from the judgment and from the order.   But in the absence of any reference in the brief of appellant's counsel to the former appeal, it may be regarded as abandoned.   We have therefore to consider the appeal from the order only.

From the affidavit of the appellant used on the motion, it appears, without substantial contradiction, that upon being served with summons, she intrusted her defense to her husband, who undertook to conduct it, but, acting in collusion with the plaintiff, and with malicious intent towards the appellant (to whom he had become hostile), designedly suffered her default to be taken; while she, relying upon him, gave no personal attention to the proceedings in the case, and had no notice of them until the execution was about to be levied on her property.

These facts present a very strong case for relief, and, as there was also an affidavit of merits in due form, the appellant's motion, we think, should have been granted.   But the

[1] 31 Am. St. Rep. 247.

court, being apparently suspicious of the truth of the affidavit of merits, and of the good faith of the appellant in making it, required her attorney to bring her into court to be examined "as to whether she does owe any of this money at all or not," and, on the counsel declining to produce her, denied the motion.

This we think was error. "It is not essential that the affidavit of merits should disclose the facts constituting the defense." (*Tuttle* v. *Scott,* 119 Cal. 588; *Francis* v. *Cox,* 33 Cal. 325.) Nor can the affidavit be contradicted, or the merits of the case tried, on the hearing of the motion. (*Douglass* v. *Todd,* 96 Cal. 655.[1]) It is indeed said, in an old case, holding the affidavit of merits to be sufficient, that "the court below could have required a more specific statement." (*Woodward* v. *Backus,* 20 Cal. 141.) But what was said was not necessary to the decision in the case, and we do not find any later cases sustaining it; nor does it seem to be altogether consistent with the cases cited above. But, at least; if the court has such discretion, it should be exercised only where there are circumstances to justify a departure from the ordinary course; which is not the case here. Nor do we think there was anything in the actual circumstance that excited the suspicion of the court—which was that the note was signed, or appeared to be signed, by the appellant—tending to justify such suspicion. For there are other sufficient defenses to a note than the denial of signature—as, e. g. want of consideration, undue influence, or fraud. There is nothing in the case, therefore, to justify a departure from the regular course in such cases.

We advise that the order appealed from be reversed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

                    Henshaw, J., McFarland, J., Lorigan, J.

_____
[1] 31 Am. St. Rep. 247.