[Civ. No. 4431. Second Appellate District, Division Two.—July 7, 1927.]

LORA CANN, etc., Respondent, v. MRS. WILLIAM GILBERT PARKER, Appellant.

William and Guy Lewis for Appellant.

Minor Blythe for Respondent.

THOMPSON, J.—This appeal is from an order denying the defendant's motion to set aside and vacate the judgment and her default for failure to appear in the action. The complaint in the form of a claim and delivery action upon a conditional sales contract with a claim of three hundred dollars damages for detention was filed on January 5, 1923, and the motion was first noticed for March 21, 1923. The reason assigned by the defendant in her affidavit for not answering is that when the sheriff demanded possession of the automobile and served her with a copy of the summons, which was on January 5, 1923, he stated to her that if she delivered the car to him, that it would not be necessary for her to appear, that no judgment could be entered in the action except for its possession. In the same affidavit she averred that after fully stating the facts to her counsel she was informed by him that she had a "good legal defense to" the action. She tendered an answer at the same time in which by failure to deny it was admitted that plaintiffs were the owners of and entitled to the possession of the automobile, but denied that demand had been made for possession prior to the institution of the action, and denied that she had detained the automobile, and denied damage in the sum of three hundred dollars or any other sum. In response to this affidavit the plaintiff filed two reply affidavits, which contained almost exclusively averments relat-

ing to the question of whether plaintiff had demanded possession, and whether defendant had detained possession, and whether plaintiff had been damaged by the detention. There is only one statement in the reply affidavits that may be considered as going to the question of inadvertence or excusable neglect, which is a denial that defendant relied upon the statement of the sheriff. On the first hearing the court, on motion of defendant, granted a continuance for the purpose of allowing her to make a further showing as to the merits of her defense either by way of further affidavits or by amended answer. Further affidavits were filed to the same effect as previously, but the proposed answer was not amended nor was the affidavit of merits. The additional statement was made that the defendant did not have the funds with which to employ counsel for advice and therefore she relied upon the statement of the deputy sheriff. The motion was denied.

The appellant complains that the court considered the reply affidavits for any purpose. Undoubtedly it is the general rule that the only question to be passed upon in such a motion is whether the facts are sufficient to establish a case of excusable neglect. It was never intended that the merits of issues of fact should be passed upon in any such proceeding (*Jergins* v. *Schenck*, 162 Cal. 747 [124 Pac. 426]; *Rauer's Law & Col. Agency* v. *Gilleran*, 138 Cal. 352 [71 Pac. 445]), unless perhaps there is good reason for the court to believe that the defense is sham and frivolous and intended solely for the purpose of delay.

Without regard to the reply affidavits, however, does it appear that there has been an abuse of discretion on the part of the trial judge? The authorities are numerous to the effect that unless there has been an abuse of discretion the order will not be disturbed. It will be noted that although two and one-half months had elapsed from the service of summons until the motion was made, there is no suggestion of an excuse in the affidavits for not making the motion more seasonably. The excuse for not appearing in the first instance was not of such a character as to appeal wholeheartedly to the conscience of the jurist. The complaint was very simple and it and the summons plainly showed that appellant would have to appear or suffer judgment for repossession together with damages for the de-

tention of the automobile. There is no suggestion that defendant could not read and understand the significance of the papers served upon her. The affidavit states that defendant had a ''good legal defense'' instead of saying that she has a good and meritorious defense or a good defense on the merits. This very fact indicates that the denials in the answer, when considered in connection with the fact that there is no denial of ownership or right of possession, may be based not upon the merits, but upon a technical defense. While it is true that a defense on the merits sufficient to defeat any substantial part of plaintiff's claim is sufficient, we cannot find sufficient to warrant us in saying there was an abuse of discretion.

Order affirmed.

Works, P. J., and Craig, J., concurred.