[Civ. No. 8286.  First Appellate District, Division One.—July 19, 1932.]

SADIE B. SHEFFLER, Respondent, v. CLARE HUTCH-INGS, Appellant.

Tanner, Odell & Taft and Donald A. Odell for Appellant.

Otho S. Vernon for Respondent.

KNIGHT, J.—The defendant Clare Hutchings appeals from an adverse judgment for the payment of money, entered after default for failure to answer the complaint. The grounds of appeal are that the complaint fails to state a cause of action and therefore is insufficient to support the judgment, and that the trial court abused its discretion in determining the motions to set aside the default.

The complaint contains five counts, but it is unnecessary to inquire into appellant's objections to the first four because the facts alleged in the fifth are legally sufficient, in our opinion, to sustain the judgment. The cause of action stated therein is one to recover the sum of $4,929.32 and the earnings and accumulations thereof based upon the charge that defendant fraudulently obtained from plaintiff the principal sum mentioned for the ostensible purpose of investing it for her under a written guarantee that from such investments she would receive "a net profit of not less than ten per cent per annum", and that after obtaining said principal sum they fraudulently appropriated the same and the earnings and accumulations thereof to their own use. In this regard it is alleged in substance that defendants were engaged in the real estate business in and about Los Angeles; that plaintiff, a widow, reposed confidence and trust in defendants on account of a friendly business relationship theretofore existing between plaintiff's husband and defendants; that upon the death of plaintiff's husband she received

the sum of $4,929.32 from his estate and that as a result of conspiracy and false promises defendants induced her to turn said money over to them under the written guarantee above referred to, a copy of which is set out in the complaint; that she received no income whatever from said money and that after a lapse of some three years, during which she was lulled into a feeling of security by false statements made by the defendants as to the nature and character of the investments they claimed to have made for her, she asked for an accounting and then ascertained that defendants had appropriated to their own use the entire principal sum and the proceeds derived from the several transactions financed therewith. The complaint goes on to set forth in detail the method employed by defendants, after obtaining the money, to defraud her thereof and to describe the numerous transactions carried on by them to accomplish such purpose, which consisted chiefly of mortgaging the property in which most of the money was invested and afterward selling the mortgages and appropriating the proceeds received therefrom and the rents and issues from the property to their own use. Eventually, so the complaint alleges, when an acounting was demanded, defendants tendered to plaintiff deeds conveying to her two parcels of land, both of which were fully encumbered and against which foreclosure proceedings were impending for nonpayment of taxes, interest, etc. It was also alleged in substance that in furtherance of the conspiracy to defraud and in consummation thereof appellant stripped himself of all property in which he was interested by transferring the same to his mother, thus preventing plaintiff from realizing on any judgment she might obtain against him.

The points urged by appellant against the sufficiency of this particular count are based mainly on technical grounds, some of which may have been good on special demurrer; but they reveal no fatal defect in the pleading, and in our opinion it contains all the essential allegations to constitute a cause of action for the recovery of money, based on fraud and deceit, and therefore, as indicated, is legally sufficient to sustain the judgment.

The following are the facts relating to the second assignment of error: The default was entered by the clerk of the court on June 7, 1929, and on June 10th appellant served

and filed notice of motion to set it aside. The motion was accompanied by a proposed demurrer to the complaint, and was heard on affidavits; and on June 20th the court made the following conditional order: " . . . motion to set aside default is granted on condition defendants file a Surety Bond of $5000.00 by noon June 22, 1929, to guarantee Judgment and Costs and also pay an attorney fee of $250.00, if plaintiff prevails, otherwise said motion is denied. Demurrer to complaint is continued to June 27, 1929." Appellant failed to comply with the condition imposed, and on June 22d served and filed a second notice of motion whereby he sought to have the default set aside unconditionally upon the ground that he was unable to meet the condition stated in the previous order. The second motion was heard also on affidavits, and on July 8, 1929, was denied. Thereafter, on July 15, 1929, and after taking evidence in open session, the court determined that the amount due plaintiff was $7,225, and gave judgment against appellant therefor. Appellant's mother was named also as a party defendant; but she filed no appearance in the action, presumably for the reason that she was not served with summons. Consequently she is not affected by the judgment.

Appellant's time to plead to the complaint expired on June 4, 1929; and it appears from the record upon which the motions were determined that on that day appellant was being tried on ten criminal charges growing out of this same controversy; that he was subsequently convicted thereof and sentenced to jail imprisonment. Counsel then representing appellant and counsel now representing plaintiff participated in the trial of the criminal action, and it is claimed by the former in his affidavit that on June 4th, during the trial of said criminal action and in response to his request, counsel for plaintiff verbally stipulated to extend appellant's time to demur to and including the following Friday; but that when he arrived at the clerk's office on Friday to file his demurrer default had already been taken. Counsel for plaintiff, in his counter-affidavit, admitted having had a conversation with appellant's counsel at the time stated relating to an extension of time, but he averred in his affidavit that appellant's request related to an extension of time to answer—not to demur; that he extended the time to answer until and including the following Thursday—not Friday;

and that he did not cause the default to be entered until 11 o'clock Friday morning.

Even assuming as a matter of law that the action of a trial court in denying a motion to set aside a default in the face of a verbal stipulation extending time would constitute an abuse of discretion, it will be seen from the foregoing that in the present case there is a sharp conflict in the evidence as to whether or not counsel for plaintiff ever agreed to extend the appellant's time until and including Friday, the day on which the default was taken; therefore this court is precluded from interfering on appeal with the trial court's decision in resolving such conflict. Moreover, so far as the record discloses, no proposed answer has ever been tendered by appellant, nor any affidavit filed denying the allegations of conspiracy and fraud, and consequently appellant failed to show that he had a meritorious defense to interpose in the action.

Appellant complains of the condition imposed by the court in its first order, claiming in his affidavit that it was not only unreasonable but was impossible to perform. But in the absence of denials of the allegations of the complaint, the facts alleged therein must be taken as true, and it appears therefrom that appellant fraudulently and without any consideration therefor transferred title to whatever property in which he may have held an interest to his mother for the purpose of defeating any effort on the part of plaintiff to recover the money which was due her; that being so, it cannot be fairly said that the condition imposed was unreasonable nor that the inference drawn by the trial court that appellant could comply with the same is unsupported. In any event, if, as shown, the facts adduced before the trial court were legally sufficient to warrant an unconditional denial of the motions, the question of the reasonableness of the conditions imposed becomes unimportant.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.