[Civ. No. 14893. Second Dist., Div. One. Oct. 9, 1945.]

EDWIN L. WETZEL, Appellant, v. GRACE A. WETZEL, Respondent.

Nadia Williams for Appellant.

Lee Combs for Respondent.

DORAN, J.—This is an appeal from an order granting a motion to vacate an interlocutory decree of divorce.

Appellant's brief recites that, "The principal grounds upon which the motion was made were extrinsic fraud and coercion. Further grounds of mistake, inadvertence, excusable neglect and surprise were alleged, but an examination of the respondent's moving papers disclose that the only grounds relied upon were fraud and coercion."

The record reveals that the action for divorce was filed by the husband May 17, 1944; answer and cross-complaint were filed June 28, 1944; answer to the cross-complaint was filed on June 29, 1944, and the cause tried as a default on July 6, 1944. The wife was awarded judgment and the decree, which included a property settlement agreement, was entered July 7, 1944. The notice of the motion to vacate and set aside the judgment under section 473 of the Code of Civil Procedure was filed September 25, 1944. It was supported by an affidavit of the wife and met by counteraffidavits of the husband and others. Following a hearing, the court, on October 16, 1944, granted the motion and set aside the judgment.

It is contended by appellant that the affidavit of respondent in support of the motion failed to set forth facts amounting to extrinsic fraud or coercion; that the court will not interfere with a judgment obtained through collusion and, that a judgment will not be set aside in such circumstances in the absence of a showing of damages by reason of such judgment or, unless it appears that a retrial will result in a more advantageous judgment.

Appellant relies in part on *Bancroft* v. *Bancroft,* 178 Cal. 359 [173 P. 579, L.R.A. 1918F 1029], and *Flood* v. *Templeton,* 152 Cal. 148 [92 P. 78, 13 L.R.A.N.S. 579]; both are actions in equity. Doctrines limiting the functions of such actions are not applicable here. Indeed, the Bancroft case points out that, "There is a distinction to be drawn, however, between cases where the application for relief from a decree collusively obtained is made in the action itself and within the time prescribed by section 473 of the Code of Civil Procedure, or before the period passes within which the interlocutory decree may be assailed upon appeal, and cases where relief

is sought in an independent action. For the period of six months the trial court has full control over the case and may grant relief within the action itself to either party;. . . ." Other cited cases are not helpful. It should be emphasized that the motion here considered was made under the provisions of section 473 of the Code of Civil Procedure and met the requirements thereof in every respect.

It is unnecessary to recite the contents of the affidavits relating to the motion. The procedure was appropriate in the circumstances; the questions presented were addressed to the judgment and discretion of the trial court and, in the absence of a showing of insufficient evidential support or, an abuse of discretion, the judgment and order will be upheld. There is evidence in the record sufficient to support the judgment of the trial court and there is no showing of an abuse of discretion.

For the foregoing reasons the order is affirmed.

York, P. J., and White, J., concurred.