[Civ. No. 8974.   Third Dist.   Feb. 11, 1957.]

ELIZABETH OLSON, Respondent, v. ANDREW OLSON, Defendant; HENRIETTA HOGAN, as Executrix, etc., Appellant.

Gesford P. Wright for Appellant.

Nichols, Richard, Williams, Morgan & Digardi, Nichols, Williams, Morgan & Digardi, Jesse E. Nichols, Anthony R. Brookman and Phil N. Crawford for Respondent.

SCHOTTKY, J.—This is an appeal from an order of November 30, 1954, vacating an interlocutory decree of divorce and vacating a property settlement agreement and also from a subsequent order denying a motion to vacate the said order of November 30, 1954.

The record shows that the respondent, Elizabeth Olson, and the decedent, Andrew Olson, were husband and wife. Marital difficulties occurred and Elizabeth filed suit for divorce. A property settlement agreement was executed and a stipulation was then entered into that the case could be heard without any notice to Andrew. On May 10, 1954, the court entered an interlocutory decree of divorce in favor of Elizabeth, and the property settlement agreement which was on file with the court was approved and made a part of the decree. On May 26, 1954, Andrew executed a will in which Henrietta Hogan, the appellant, was named as executrix and sole legatee. On August 22, 1954, Andrew died. His will was then offered for probate, and appellant was appointed executrix.

On November 9, 1954, respondent Elizabeth Olson filed a notice of motion that on November 10, 1954, she would move to vacate the interlocutory decree of divorce upon the ground "that the same was entered through the mistake and surprise of said Plaintiff in that Plaintiff mistakenly believed that the property settlement agreement approved by said Decree was a necessary prerequisite to said Decree and on the further ground that said property settlement agreement purports to divest the above-named Plaintiff of property rights which were never intended by her to be divested, all of which is a surprise to Plaintiff and wholly without her consent." Said notice was served on the attorney for the executrix, and on November 10, 1954, the attorney for respondent and the attorney for the appellant appeared in court and answered ready. The attorney for respondent made the motion to vacate, and then requested a continuance for the hearing of the motion to November 29th. The attorney for appellant stated that he had no objection to that date. The further hearing of the motion was continued to November 29th at which time this matter was heard upon affidavits filed by the respective parties and also upon the oral testimony of several witnesses. The court denied the motion of counsel for appellant that appellant be made a party to the action, but allowed her counsel to participate in the hearing. Fol-

lowing the hearing the court, on November 30, 1954, made an order granting respondent's motion to vacate, the order providing in part as follows:

"It Is Hereby Ordered, Adjudged and Decreed that the Interlocutory Decree of Divorce herein dated May 10, 1954, be, and the same is hereby vacated and set aside and that the same is of no effect whatever.

"It Is Further Ordered, Adjudged and Decreed that the Property Settlement Agreement dated April 29, 1954, between the parties hereto, which is by the terms of said Decree, approved and made a part thereof, and which is recorded in Judgment Book 12, of the Superior Court of the County of Lake, State of California, at page 400, and which is on file herein, be, and the same is hereby cancelled, vacated and set aside, and the same is of no effect whatever, and all instruments executed to give effect to said Property Settlement Agreement and Decree, be, and the same are hereby cancelled, annulled, vacated and set aside."

Thereafter, appellant executrix made a motion to set aside the order of November 30, 1954, and the court made an order denying said motion. This appeal is from both of said orders.

Section 473 of the Code of Civil Procedure, under which the motion to vacate the interlocutory decree was made, provides in part that:

"The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

This section has been construed as remedial, and it has, therefore, been given a liberal construction. ■ It was designed to enable the courts to call into requisition their equitable powers, and thus authorize them, where it is in the furtherance of justice, to relieve against an honestly made mistake, inadvertence or excusable neglect. (*Brasher* v. *White*, 53 Cal.App. 545 [200 P. 657].) ■ Even though section 473 provides that the party against whom a judgment or order has been taken may be relieved therefrom, it is well established that this entitles a plaintiff as well as a defendant to move under said section for a vacation of a judgment or order (*Lemon* v. *Hubbard*, 10 Cal.App. 471 [102 P. 554]; *Grannis* v. *Superior Court*, 143 Cal. 630, 632 [77 P. 647]; *Gray* v. *Lawlor*, 151 Cal. 352 [90 P. 691, 12 Ann.Cas. 990]), and that a party in whose favor a judgment has been rendered is entitled to relief under section 473, as well as the party

against whom it was rendered (*Palace Hardware Co.* v. *Smith*, 134 Cal. 381 [66 P. 474]; *Wetzel* v. *Wetzel*, 71 Cal.App.2d 168 [162 P.2d 299]; see also 40 A.L.R.2d 1138).

In the instant case the affidavit of respondent, Elizabeth Olson, set forth, among other things, that her deceased husband had by violence and intimidation forced her to commence the action for divorce; that the property settlement agreement was entered into by her under a mistaken impression as to her rights and that she was informed that the divorce could not proceed unless the property settlement was entered into. Counteraffidavits were filed by appellant and there was also oral testimony which does not appear in the transcript. In view of the fact that appellant makes no attack upon the sufficiency of the evidence to support the order vacating the interlocutory decree it is sufficient for the purposes of this appeal to state that the evidence is sufficient to support the order vacating the interlocutory decree upon the grounds set forth in said section 473, namely, "mistake, inadvertence, surprise or excusable neglect." ▪ As has been often declared by our appellate courts, it is primarily a question of fact for the trial court to determine whether or not justice requires that a judgment or order be set aside, and the granting of a motion to vacate a judgment or order under Code of Civil Procedure, section 473, rests largely in the discretion of the trial court, and the ruling of the trial court will not be disturbed on appeal unless an abuse of discretion clearly appears.

Appellant's first contention is that a divorce action does not survive the death of either party and that therefore the court was without jurisdiction to make any order affecting the status of the defendant in a divorce action or to modify the judgment. Appellant cites *Kirschner* v. *Dietrich*, 110 Cal. 502 [42 P. 1064]. In that case service was made by publication of summons, and the interlocutory decree was entered on July 13, 1893. The plaintiff died on February 22, 1894, and on June 8, 1894, on ex parte motion of defendant, the court ordered the administrator of plaintiff substituted in place of deceased, and directed that the action be in his name. Thereafter, the defendant moved the court to vacate the judgment on the ground that summons had not been personally served on him and on other grounds. The court denied the motion and in affirming the order upon appeal the Supreme Court said at page 504:

"It is difficult to understand upon what principle the

court made the order substituting the administrator of the plaintiff in the place of his intestate, or directed a continuance of the action in his name after the death of the original plaintiff. But, as the respondent does not appear to have objected thereto, we are not required to determine the correctness of the order. The court, however, properly denied the defendant's motion to vacate the judgment, and allow him to answer the complaint. The action was solely for the purpose of procuring a judgment of divorce between the parties—a purely personal action which would not survive the death of either party, and which, upon the death of the plaintiff, could not be further prosecuted or defended, whether her death was before or after the judgment. If she had died prior to the entry of judgment, there could have been no judgment in the case, and her death subsequent to the entry of judgment deprived the court of all power to review its action, and determine her right to a divorce. The action having been brought to change the personal *status* of the plaintiff in her relations toward the defendant, it is evident that, upon the termination of her life, there was no personal *status* which a judgment could change.''

In reply, respondent cited *Britton* v. *Bryson*, 216 Cal. 362, in which the court said at page 369 [14 P.2d 502] :

''. . . It is argued in the instant case that by virtue of the death of the husband, the *res*—that is to say, the marital status—ceased to exist, and any action involving the marital status of the parties must necessarily cease to be an action *in rem* and becomes one *in personam*. We do not think this necessarily follows. It is now well settled in California that subsequent to the death of one of the parties, the other may have said decree set aside upon proof that the judgment of divorce was procured by extrinsic fraud. (*McGuinness* v. *Superior Court*, 196 Cal. 222 [40 A.L.R. 1110, 237 P. 42] ; *Tomb* v. *Tomb*, 120 Cal.App. 438 [7 P.2d 1104].) It is evident, therefore, that regardless of the existence of the *res*— that is to say, the marital status—the court had sufficient jurisdiction to render a valid judgment with reference thereto. It would seem, therefore, that the power to render such a judgment is based not upon the continued existence of the marital status but upon the court's control of its own records, and its inherent power to purge its records of judgments obtained by fraud. In other words, in such an action the *res* is not the marital status, which has ceased to exist, but the former judgment itself over which the court continues

to retain power. That this is so is, we think, indicated by the language of Mr. Justice Richards in the case of *Mc-Guinness* v. *Superior Court, supra.* In that case the wife after the death of her husband sought and secured a decree setting aside a final decree of divorce entered by her husband without her knowledge and without her consent subsequent to their reconciliation following the entry of an interlocutory decree of divorce. It was there urged that the divorce action being one brought solely to sever the marriage relation between the parties thereto, the said action abated upon the death of the party defendant subsequent to the entry of the final decree and the trial court thereby lost jurisdiction to take any action whatever in said case. Mr. Justice Richards, speaking for the court, said: 'The plaintiff by her own motion made in the divorce action is not seeking to reopen said action for the purpose of further litigating the question as to whether she, or the defendant either, is entitled to a divorce. That question has been settled by the defendant's death and as to it or any further litigation regarding it in said action, it has been abated. But the plaintiff, notwithstanding the abatement of the action in so far as the issues therein are involved, is seeking to invoke the power of the court over its own records, by suggesting and offering to show to the court that it has been imposed upon by the extrinsically fraudulent acts and concealments of the defendant. . . . This is the principal purpose of her said motion. . . . To such a purpose the death of the defendant in said action is merely incidental and is in nowise controlling upon the power of the court to purge its records of orders and decrees which the court has been wrongfully misled into making through the fraudulent imposition of a party to an action pending, at the time of such imposition, before it. To hold that the party having accomplished such imposition could by dying deprive the court of the right when properly advised to so purge its own records would be to abridge to the point of denial one of the most salutary of the inherent powers of the court.' ''·

While the setting aside of an interlocutory decree of divorce, which made a property settlement agreement a part of the decree, would of course have no effect on the marital status which was terminated by death, it would have the effect of vacating the approval of the property settlement. Property rights approved under an interlocutory decree become final after six months. (*Leupe* v. *Leupe*, 21 Cal.2d

145 [130 P.2d 697].) Until the six-month period has passed in which a party may make a motion to vacate under Code of Civil Procedure, section 473 (eliminating the question of appeal), the court retains power to act under section 473. If death precluded the court from acting, a person who had property rights decided adversely to him would be without a remedy by the death of his adversary. It would be inequitable to allow property rights to become final because of the fortuitous circumstances of death.     A property settlement incorporated into a decree and made a part thereof is merged into the decree. (*Hough* v. *Hough,* 26 Cal.2d 605, 609 [160 P.2d 15].) The only way it can be set aside is by appeal or by a motion under section 473.     The fact that one party has died should not foreclose relief under section 473. We are therefore of the opinion that the court had jurisdiction to entertain a motion made under section 473 to vacate the interlocutory decree of divorce notwithstanding the death of the defendant.

The next point raised by appellant is that the court was without power to entertain the motion to vacate without a substitution of the appellant executrix where the court was aware of the death of decedent. While we believe a formal order of substitution of the executrix for the decedent should have been made, we are satisfied that the failure to enter such an order did not prejudice the rights of the appellant as her attorney appeared on November 9, 10 and 29, and contested the motion on the 29th. As was said in *Mooney* v. *Superior Court,* 183 Cal. 705, at page 708 [192 P. 542]:

". . . But assuming that there should have been a substitution, notice of the motion for dismissal having in fact been served upon his duly qualified personal representative, she appeared and contested the motion upon its merits, thus practically making herself in her official capacity as executrix of the will of contestant a party to the proceeding in his place. She was in fact fully authorized to be substituted in his place; she did proceed therein and was recognized as proceeding therein as if formally substituted, and at most all that was lacking was the entry of a formal order of substitution. This at best was a mere irregularity in procedure not affecting any substantial right, which, in view of the circumstances, would hardly warrant a reversal of the judgment of dismissal on appeal."

Where, as in the instant case, the attorney for appellant executrix was served with notice, appeared in court, answered

ready, filed affidavits and interrogated witnesses, in contesting the motion to vacate, we are satisfied that the contention that the court was without power to entertain the motion to vacate the interlocutory decree cannot be sustained.

Appellant's final and most serious contention is that the court had no power to cancel, vacate and set aside the property settlement agreement and all instruments executed to give effect to it. With this contention we agree.

The property settlement agreement contained the following provision:

"SEVENTEENTH: That this Agreement shall be effective from and after the date hereof, and this Agreement may, if desired by either of the parties hereto, be submitted to the Court in any action for divorce or separate maintenance now pending or hereafter instituted by either party against the other for the approval of said Court, but this Agreement shall not depend for its effectiveness on such approval nor be affected thereby."

While the court undoubtedly had the power, upon a motion under section 473, to vacate the interlocutory decree, it could do no more than vacate the approval of the property settlement agreement contained in the decree. The only issue that could be determined by the court on a motion under section 473 was whether there was sufficient evidence to justify the court in concluding that the judgment should be vacated because of the mistake, inadvertence, surprise or excusable neglect of respondent. Having so determined, the court could then only set aside and vacate the interlocutory decree which would have the effect of restoring the property settlement agreement to the same position it was in before the interlocutory decree was entered. While it may be said that the property settlement agreement was merged in the interlocutory decree and approved thereby, it must be held that the vacating of the interlocutory decree withdrew the approval.

In *Bowman* v. *Bowman*, 29 Cal.2d 808, the court said at page 813 [178 P.2d 751, 170 A.L.R. 246]:

"Section 473 also provides that a trial court may relieve a party from 'a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. . . .' The purpose of this provision, however, is to enable trial courts to set aside the judgment, order or proceeding in order to allow the party to proceed on the merits rather than to allow him to be defeated by a determination or proceeding caused by his mistake, inadvertence, surprise or

excusable neglect. (*Riskin* v. *Towers*, 24 Cal.2d 274, 279 [148 P.2d 611, 153 A.L.R. 442] ; *Estate of Simmons*, 168 Cal. 390, 396 [143 P. 697].) The trial court in the present case did not attempt to vacate the judgment on the ground of surprise or inadvertence, but attempted to grant defendant's request by modifying the interlocutory judgment to correct the supposed error of law. Trial courts can modify or amend their judgments only as prescribed by statute and the summary modification of judgments to correct errors of law is not authorized by section 473.''

And as stated in *Cann* v. *Parker*, 84 Cal.App. 379, at page 381 [258 P. 105] :

''. . . Undoubtedly it is the general rule that the only question to be passed upon in such a motion is whether the facts are sufficient to establish a case of excusable neglect. It was never intended that the merits of issues of fact should be passed upon in any such proceeding, . . .''

Respondent, in arguing that the court had jurisdiction to vacate the property settlement, relies strongly on *Gregory* v. *Gregory*, 92 Cal.App.2d 343 [206 P.2d 1122]. In that case husband and wife entered into a property settlement agreement which was approved in the interlocutory decree. Thereafter the defendant wife made a motion under section 473 to set aside the interlocutory judgment on the ground that it was entered through mistake, inadvertence and excusable neglect. On the hearing of this motion the court set aside and vacated the judgment, granting defendant leave to file the answer and cross-complaint accompanying the motion. Plaintiff appealed from this order. In affirming the order setting aside the judgment the court, at page 351, used the following language quoted by respondent:

''The only reference to the property settlement agreement in the judgment is: 'The property settlement agreement between the parties, dated April 24, 1947, is hereby approved.' Plaintiff contends that by reason of this language the agreement is no part of the court's decree, and that to set the agreement aside will require an action in equity, citing *Howarth* v. *Howarth*, 81 Cal.App.2d 266 [183 P.2d 670], as authority therefor. The case is not in point. There the wife was endeavoring to enforce the provisions of the property settlement agreement. The court held that the agreement had not been incorporated into the decree so as to preclude subsequent action on the agreement itself. There is nothing in the case concerning setting aside the agreement. In a divorce

action the court has the power to approve or disapprove a property settlement agreement, or to set aside the agreement if the facts justify it. (*Lorraine* v. *Lorraine*, 8 Cal.App.2d 687 [48 P.2d 48].) Incidentally, defendant testified that plaintiff agreed that the property settlement agreement was to be made a part of the decree. Now he attempts to take advantage of his failure to keep that agreement.''

Respondent argues that the Gregory case is authority for the proposition that the court upon a motion under section 473 had the power to set aside, vacate and annul the property settlement agreement itself. We do not so construe it, as what the court said must be construed in relation to the facts and record in that case. The motion was to set aside the decree and permit the filing of an answer and cross-complaint. The setting aside of the decree in the Gregory case only set aside the approval of the property settlement agreement but did not set aside the agreement itself, and after the answer and cross-complaint were filed and the case was again at issue the property settlement agreement would again come before the court for approval or disapproval in the settlement of the property rights of the parties.

We conclude that the record supports that part of the order which vacated and set aside the interlocutory decree of divorce, but that the court erred in decreeing that the property settlement agreement be cancelled and vacated.

That part of the order of November 30, 1954, which decrees that the interlocutory decree ''be, and the same is hereby vacated and set aside and that the same is of no effect whatever'' is affirmed.

That part of the order of November 30, 1954, which decrees that the property settlement agreement ''be, and the same is hereby cancelled, vacated and set aside, and the same is of no effect whatever, and all instruments executed to give effect to said Property Settlement Agreement and Decree, be, and the same are hereby cancelled, annulled, vacated and set aside'' is reversed.

Appellant to recover her costs on appeal.

Van Dyke, P. J., and Peek, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 10, 1957. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.