[Civ. No. 20957. First Dist., Div. One. May 2, 1963.]

RENA J. KING, Plaintiff and Appellant, v. JACK T. KING, Defendant and Respondent.

William A. Sullivan for Plaintiff and Appellant.

Bert W. Levit, Victor B. Levit, Dennis M. Day and Long & Levit for Defendant and Respondent.

BRAY, P. J.—Plaintiff appealed from an "Order and Judgment" of the Superior Court of San Mateo County which denied the motion of plaintiff, Rena J. King, to vacate and set aside the interlocutory decree of divorce granted by said court on the 20th day of October 1961, and refused to vacate and set aside the property settlement agreement of the parties, dated the 3d day of October 1961, and incorporated in said interlocutory judgment and decree of divorce. Thereafter by "Notice of Partial Abandonment of Appeal" plaintiff abandoned her appeal as to that portion of the order and judgment denying plaintiff's motion to vacate and set aside the interlocutory decree of divorce, and stated that she desired to pursue her appeal only from the ruling of the court denying her motion to set aside the property settlement agreement.

### QUESTION PRESENTED

Did the trial court have jurisdiction to entertain the motion to set aside the property settlement agreement?

### RECORD

On October 20, 1961, an interlocutory decree of divorce in favor of plaintiff was entered herein. The property settlement agreement dated October 3, 1961, was incorporated in the

decree.[1] On December 8, 1961, plaintiff filed a notice of motion to vacate the interlocutory decree and to annul, set aside and vacate the incorporated property settlement agreement. The alleged grounds of the motion were that plaintiff was coerced into signing the agreement, did not have independent legal advice in that the same attorney represented both parties in the divorce action, and that the agreement and the divorce decree were inequitable, unjust and a substantial deprivation of plaintiff's property rights. After hearing, the court denied the motion flatly as to setting aside the decree, and as to the agreement, the denial was without prejudice to plaintiff's bringing an independent action to attempt to set aside the agreement.

In its memorandum decision the trial court, after finding on the merits no reason for setting aside the interlocutory decree, stated: ''The question of the property settlement agreement appears to fall squarely within the case of *Olson* v. *Olson,* 148 Cal.App.2d 479 [306 P.2d 1036].'' Defendant contends that the court denied the motion to set aside the property settlement agreement both on the merits and on lack of jurisdiction as set forth in *Olson.* Plaintiff contends that the denial was solely on the latter ground. As we are satisfied that the court did not have jurisdiction to set aside the property settlement agreement, particularly after having found no grounds on the merits for setting aside the interlocutory decree and the approval of the agreement therein contained (the correctness of the court's action to that extent being conceded by plaintiff's abandonment of her appeal from the interlocutory decree) we deem it unnecessary to consider the evidence introduced at the hearing directed to the merits of plaintiff's contention that the agreement was obtained through coercion.

In *Olson* (decided in 1957 and hearing denied by Supreme Court), just as in our case, the trial court entered an interlocutory decree of divorce in favor of the wife, incorporating in it the property settlement agreement entered into between the parties. The husband died shortly thereafter. The wife then served upon the executor of his estate, under Code

---

[1]Paragraph 17 of the incorporated agreement provided: ''It is further agreed that if either of the parties hereto should procure a divorce from the other, the provisions of this agreement are not to be thereby affected in any way whatsoever, and this agreement is not to be thereby invalidated, and in that event neither party hereto shall gain anything further in the way of property from said divorce decree than is provided in this property settlement.''

of Civil Procedure section 473, a notice of motion to vacate the interlocutory decree on the ground that it was entered through her mistake and surprise and that the property settlement agreement divested her of property rights of which she did not intend to be divested, and that the agreement was without her consent and to her surprise. After hearing, the court granted the motion setting aside both the interlocutory decree and the agreement. Upon appeal by the executor the appellate court held that the evidence was sufficient to support the trial court's order setting aside the interlocutory decree which approved the agreement.

The court then went on to determine whether the trial court had the power to set aside the property settlement agreement. As to this the court stated (p. 487): ''While the court undoubtedly had the power, upon a motion under section 473, to vacate the interlocutory decree, it could do no more than vacate the approval of the property settlement agreement contained in the decree. The only issue that could be determined by the court on a motion under section 473 was whether there was sufficient evidence to justify the court in concluding that the judgment should be vacated because of the mistake, inadvertence, surprise or excusable neglect of respondent. Having so determined, the court could then only set aside and vacate the interlocutory decree which would have the effect of restoring the property settlement agreement to the same position it was in before the interlocutory decree was entered.'' It was then held that ''the court erred in decreeing that the property settlement agreement be cancelled and vacated.'' (P. 489.)

 Cases like *Adams* v. *Adams* (1947) 29 Cal.2d 621 [177 P.2d 265], *Loveren* v. *Loveren* (1895) 106 Cal. 509 [39 P. 801], and *Moog* v. *Moog* (1928) 203 Cal. 406 [264 P. 490], cited by plaintiff and dealing with the court's power to modify or approve property settlement agreements, are not authority for the proposition that the court may set aside a property settlement agreement which it holds has been validly approved in the interlocutory decree. Moreover, as pointed out in *Olson, supra,* page 489, in distinguishing *Gregory* v. *Gregory* (1949) 92 Cal.App.2d 343 [206 P.2d 1122], which contained language which the respondent in *Olson* contended held that the court had power to set aside the property settlement agreement, the power of the court in considering a property settlement agreement in a divorce action is either to approve or disapprove a property settlement

agreement or terms thereof, not to set aside the agreement itself.

Plaintiff seeks to avoid the effect of *Olson* by contending that the grounds upon which the wife there sought to have the property settlement agreement set aside were different from those in the instant case. However, there is no great difference in this respect between the two cases. In *Olson,* the wife claimed that "her deceased husband had by violence and intimidation forced her to commence the action for divorce; that the property settlement agreement was entered into by her under a mistaken impression as to her rights and that she was informed that the divorce could not proceed unless the property settlement was entered into." (P. 483.) In the instant case plaintiff contended she was coerced by her husband into signing the agreement without her having independent legal advice. Whatever difference in the facts there might be between the two cases, such difference would not confer jurisdiction on the court to set aside an agreement merged into the decree which was not set aside. In the case at bench the trial court, which refused to set aside on the grounds of the fraud alleged by plaintiff but denied by defendant, the interlocutory decree and the approval of the agreement therein, could hardly then set aside the approved agreement. Plaintiff, by dismissing that portion of her appeal which applied to the refusal of the court to set aside the decree itself, impliedly concedes that there were no grounds to authorize the setting aside of the decree. If there were no grounds for setting aside the decree which approved the agreement and incorporated it into the decree, how could the court then set aside that agreement? As above stated, the court determined the motion to set aside the interlocutory decree on the merits based on the affidavits and testimony pro and con. As shown, the court had no jurisdiction to determine the question of whether or not the circumstances under which the agreement was entered into were such that the agreement which is merged into the decree should be set aside.

Order and judgment affirmed.

Sullivan, J., and Molinari, J., concurred.