[Civ. No. 11596.   Third Dist.   Aug. 3, 1967.]

OSCAR OPAL KIRKWOOD et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; DANIEL LOUIS CHAUSSEE, a Minor, etc., et al., Real Parties in Interest.

McGregor, Bullen & McKone and William C. McKinley for Petitioners.

No appearance for Respondent.

Paul J. Melee for Real Parties in Interest.

FRIEDMAN, J.—Petitioners are defendants in a personal injury action. The plaintiffs, an injured child and his parents, appear here as real parties in interest. In the trial court petitioners moved to vacate a default and default judgment against them under Code of Civil Procedure section 473. The court granted their motion conditionally, its order declaring: "MOTION GRANTED, on condition that defendant posts a bond in the amount of $50,000.00." Petitioners then sought modification of the order, pointing to the existence of insurance coverage of $25 000 per person and $50,000 per accident. The court denied modification. Petitioners now seek a writ of mandate relieving them of the condition or the order.

Real parties in interest caused the entry of petitioners' default on June 9, 1966, and on June 20, 1966, secured a default judgment against them for $57,200. Declarations in support of the petition state that petitioners were served with process on May 23, 1966; that they did not deliver the litigation papers to their insurance carrier's representative until

June 8, 1966; that the latter delivered the papers to the carrier's defense counsel on the same day; that counsel filed an answer on June 15, 1966, without being aware that the plaintiffs' attorney had caused the defendants' default to be entered.

Real parties in interest urge the existence of an adequate remedy by appeal, hence that relief by mandate should be denied. ▉ A conditional order setting aside a default judgment is appealable if it is self-executing, but not appealable if it is not self-executing, that is, if it contemplates or requires a second order in order to accomplish the vacation of the judgment. (*Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610, 614 [301 P.2d 426]; *Reeves* v. *Hutson,* 144 Cal.App.2d 445, 450-451 [301 P.2d 264].)

▉ The present order is not self-executing. It is conditioned upon the posting of ''a bond in the amount of $50,000.00.'' It fails to designate any condition, occurrence or failure which will make the bondsman's obligation operative. If the court intended the bond obligor to stand surety for a judgment, it did not say so. The order is so vague that petitioners could not comply without guessing at the court's desire and returning to the court for a further judicial act of approval, confirmation or rejection. Perhaps the order did not contemplate a further judicial act; it certainly required it. Not being self-executing, the order is not appealable.

Real parties in interest rely on *Sheffler* v. *Hutchings,* 124 Cal.App. 760 [13 P.2d 527], where the propriety of a conditional order setting aside a default was considered on appeal. The decision is not in point since the defendant in that case did not perform the condition. Rather, after the order setting aside his default was made, he suffered a default judgment, from which the appeal was taken.

▉ However vague the condition, the present order is unconditional in forcing upon petitioners the expense of a $50,000 bond in order to gain a trial on the merits. The bond amount is utterly disproportionate to whatever disadvantage real parties in interest may have suffered from the 13-day delay in the filing of an appearance. It vitally affects the parties' relative positions in a pending lawsuit. It is, as we have concluded, nonappealable. Under these circumstances, it is appropriate to consider relief by mandate.

The parties submit conflicting statements regarding the breakdown in settlement negotiations which preceded the service of process; regarding the date on which petitioners

took the litigation papers to their insurance agent; regarding the circumstances and time when defense counsel first gained awareness of the default. These factors would be significant on an appeal from an order denying or granting relief. Here, however, the issue is not the merits of the vacating order, but the validity of the condition attached to it.

We commenced with the well-known proposition that the law's policy favors disposition of lawsuits on the merits rather than by procedural mishap. (See 3 Witkin, Cal. Procedure (1954) pp. 2115-2116.) The inadvertence or neglect of the party seeking relief may have cost his opponent some inconvenience, delay or expense. ▇ Accordingly, section 473 authorizes the court to grant relief "upon such terms as may be just." Section 473 invests the court with various discretionary powers, but the discretion is "legal" in the sense that it must not be arbitrary. (*Riskin* v. *Towers*, 24 Cal.2d 274, 279 [148 P.2d 611, 153 A.L.R. 442].) The same nonarbitrary discretion characterizes the court's authority to impose conditions to the grant of relief. As the statute says, the terms must be *just*.

We have examined a number of the decisions involving conditions attached to section 473 relief. (*Rauer's Law etc. Co.* v. *Gilleran*, 138 Cal. 352, 354 [71 P. 445]; *Watson* v. *San Francisco & H. B. R.R. Co.*, 41 Cal. 17, 20-21; *Daley* v. *County of Butte*, 227 Cal.App.2d 380, 395 [38 Cal.Rptr. 693]; *Sheffler* v. *Hutchings, supra,* 124 Cal.App. 760, 764.) The usual condition is payment of counsel fees or costs. Only one case, *Sheffler* v. *Hutchings, supra,* required the defendant to post security for the judgment—if such is the intention of the present order—and that case presented features not present here. The decisions justify the generalization that the condition must be reasonably proportionate to the other party's prejudice or expense. As the court observed in the early *Watson* case, *supra,* it "should be more or less severe as the particular circumstances would seem to warrant." (41 Cal. at p. 21.)

▇ The condition imposed here was out of all proportion to whatever prejudice or expense real parties in interest may have suffered. The answer was filed 13 days late. Counsel for real parties in interest was called upon for several hours of preparation and court appearances in pursuit of the default judgment and in resisting its vacation. Such factors might call, at most, for payment of reasonable expenses and attorney

fees. Real parties in interest have demonstrated no other prejudice or expense. Let us assume that the court intended a $50,000 surety bond conditioned upon payment of any judgment. We have no evidence of the cost of such a bond, but would assume a bond fee of perhaps $5,000 as a precondition to trial on the merits. According to the record, $25,000 of insurance coverage exists. Whether a surety might be located who would be willing to underwrite $25,000 of excess liability *after* the accident is open to speculation. If no surety were obtainable, the order would effectively put defendants out of court. The actual and potential penalties flowing from such a condition would far outstrip the atonement evoked by 13 days of delay. The condition was arbitrary and an abuse of discretion.

Let a writ of mandate issue directing the respondent court to vacate that portion of its order conditioning relief upon the posting of a bond and directing the court to reconsider the terms, if any, upon which the grant of relief should be conditioned.

Pierce, P. J., and Regan, J., concurred.