[Civ. No. 25896. Fourth Dist., Div. Three. Nov. 29, 1983.]

In re the Marriage of LORRAINE M. and ANTHONY D. TESTA.
ANTHONY D. TESTA, Appellant, v.
LORRAINE M. TESTA, Respondent.

**COUNSEL**

Allen R. McMahon for Appellant.

Poppe & Rees and James F. Rees for Respondent.

**OPINION**

**SONENSHINE, J.**—Husband appeals a judgment on bifurcated issues claiming the court erred in finding a prior judgment vacating an interlocutory order of divorce automatically vacated the parties' property settlement agreement.

Breaking up has not been easy for these parties. After unhappy differences arose in their seven-year marriage, wife signed a property settlement agreement on January 25, 1967. Five days later, husband filed for divorce. Wife was served in March and in April a default interlocutory judgment was granted in which the executed property settlement agreement was "approved and incorporated in this decree in all its terms and provisions by reference."

The final was entered in 1968. The family residence had been awarded to husband, but he allowed wife and the children to continue to reside in it[1] until 1974, when wife would not let husband in the house. He then filed an order to show cause for custody and to enforce his rights for entry to the

---

[1] Husband was employed outside of California and came home only to visit.

residence. Wife countered with a motion to vacate the judgment of divorce. The parties reached an agreement and their respective motions were taken off calendar.

This was not a lasting resolution. Husband filed an unlawful detainer action to remove wife from the house and wife again moved to set aside the divorce decree. Her motion was granted, but the trial court's order omitted any mention of the property settlement agreement.

Husband refiled for a dissolution in 1979. The petition was granted and the other issues bifurcated. At the hearing on further issues, the court found the property settlement agreement had automatically been vacated with the interlocutory and final judgment of divorce, and refused to hear any evidence of its validity.[2] Husband contends the court erred and we agree.

## DISCUSSION

■ Wife's 1977 motion asked the court to set aside the default "Interlocutory and Final Judgments of Divorce," claiming "they were obtained by fraud," she had not personally received "notice of the default hearing, the entry of the Interlocutory Decree nor the Final Decree," and her "husband lied when he said we had not had a reconciliation and were not living together." The court ruled "that the motion to set aside the default Interlocutory and Final Judgment is granted." The wife asked for the judgments to be set aside but she did not seek to set aside the property settlement agreement. The granting of the motion cannot be interpreted as giving more relief than requested.

In *Olson* v. *Olson* (1957) 148 Cal.App.2d 479 [306 P.2d 1036], the wife brought a Code of Civil Procedure section 473 motion to vacate the interlocutory decree of divorce. The trial court, in granting her motion, also canceled the spouse's executed property settlement agreement. The Olsons' agreement, like the Testas', was approved and incorporated into the interlocutory decree. Both agreements allowed the court's approval but did not depend on such approval. And like Mrs. Olson, wife here asked only to vacate the decrees, not the agreement. The *Olson* court found the trial court erred in setting aside the property settlement agreement. "While the court undoubtedly had the power, upon a motion under section 473, to vacate the

---

[2]Husband also argues it was an abuse of the court's discretion to make this finding pursuant to a motion *in limine* and prior to any testimony. We need not address this issue as we find the ruling error as a matter of law. And having found the court erred in failing to consider the property settlement agreement, we consider premature husband's final allegation of error in the characterization and disposition of the property.

interlocutory decree, it could do no more than vacate the approval of the property settlement agreement contained in the decree. The only issue that could be determined by the court on a motion under section 473 was whether there was sufficient evidence to justify the court in concluding that the judgment should be vacated because of the mistake, inadvertence, surprise or excusable neglect of respondent. Having so determined, the court could then only set aside and vacate the interlocutory decree which would have the effect of restoring the property settlement agreement to the same position it was in before the interlocutory decree was entered. While it may be said that the property settlement agreement was merged in the interlocutory decree and approved thereby, it must be held that the vacating of the interlocutory decree withdrew the approval." (*Id.,* at p. 487.)

Wife did not, as in *Olson,* file under Code of Civil Procedure section 473, but under the equitable doctrine of extrinsic fraud. ▉ The validity of a property settlement agreement cannot be tested via a 473 motion, but it may be considered under equitable doctrines. (*In re Marriage of Adkins* (1982) 137 Cal.App.3d 68, 76 [186 Cal.Rptr. 818].) ▉ But wife did not ask for such relief. As in *Olson,* the setting aside of the decree only nullified the court's *approval* of the property settlement agreement; it did not vacate the agreement itself. The validity of the agreement may still be tested on remand if husband seeks to enforce it or by wife in an independent action.[3]

The judgment is reversed and remanded for further proceedings not inconsistent with the views expressed above.

Trotter, P. J., and Crosby, J., concurred.

---

[3]We make no findings as to the validity of the agreement or defenses such as laches, which husband may wish to assert. The determination of these questions is left to the trial court.