Filed 7/16/15  Hupp v. Freedom Communications CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| PAUL HUPP,<br><br>    Plaintiff and Appellant,<br><br>  v.<br><br>FREEDOM COMMUNICATIONS INC. et al.,<br><br>    Defendants and Respondents. | E059682<br><br>(Super.Ct.No. RIC1204151)<br><br>**ORDER MODIFYING OPINION**<br><br>[NO CHANGE IN JUDGMENT] |

It is ordered that the last sentence of part I on page 5 of the opinion filed herein on

July 14, 2015, be modified as follows:

On September 25, 2013, Hupp filed a notice of appeal.

1

Except for this modification, the opinion remains unchanged. This modification does not effect a change in judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PAUL HUPP, | |
| Plaintiff and Appellant, | E059682 |
| v. | (Super.Ct.No. RIC1204151) |
| FREEDOM COMMUNICATIONS INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Affirmed.

Paul Hupp, in pro. per., for Plaintiff and Appellant.

Levine Sullivan Koch & Schulz and Ashley I. Kissinger for Defendant and Respondent Freedom Communications Inc.

Konoske Akiyama & Brust, Gregory P. Konoske, D. Amy Akiyama, and Megan K. Hawkins for Defendant and Respondent Michael Bishop.

Paul Hupp filed this action against Freedom Communications Inc. (Freedom) and Michael Bishop. Freedom filed a special motion to strike under Code of Civil Procedure section 425.16 (SLAPP motion); the trial court granted the motion. In a previous appeal, we affirmed that order.

Meanwhile, Bishop, too, filed a special motion to strike. Hupp did not respond, and the trial court granted the motion. Finally, Freedom and Bishop filed motions for attorney fees; Hupp did not respond to these motions, either, and the trial court granted them.

Hupp then filed a motion to set aside the orders granting Bishop's SLAPP motion and granting Freedom and Bishop's motions for attorney fees. He claimed that he had been unable to respond to these motions because he had been incarcerated. The trial court denied the motion to set aside.

Hupp appeals. We will hold that the trial court could properly deny the motion to set aside, for multiple alternative reasons: (1) The motion was not supported by a declaration; (2) the memorandum in support of the motion did not cite any authorities; (3) the motion was not accompanied by a proposed opposition to any of the underlying motions; and (4) the record contradicted Hupp's claim that he had been unable to respond.

I

PROCEDURAL BACKGROUND

A. *Freedom's SLAPP Motion.*

On March 22, 2012, Hupp filed this action against Freedom and Bishop. On August 31, 2012, Freedom filed a SLAPP motion. On October 18, 2012, the trial court granted Freedom's SLAPP motion. In *Hupp v. Freedom Communications, Inc.* (2013) 221 Cal.App.4th 398, we affirmed the order granting the SLAPP motion.

B. *Freedom's Motion for Attorney Fees.*

On January 7, 2013, Freedom filed a motion for attorney fees. On February 21, 2013, Hupp filed an ex parte application for a continuance of his time to respond to the motion. In it, he asserted: "Plaintiff has been out of town, in trial, in another case since January 22, 2013. Plaintiff will not finish with that case until at least February 20, 2013, and moist [*sic*] likely it will be beyond February 20, 2013." The trial court granted the application; it gave Hupp an extension through March 15, 2013. Even so, Hupp never filed an opposition to the motion for attorney fees.

On March 8, 2013, Hupp filed an ex parte application for a continuance of certain other deadlines in the case. In it, he asserted: "Plaintiff is out of town and will not be back until late April." He did *not* request a further continuance of his time to respond to the motion for attorney fees. The trial court granted the application in part and denied it in part.

3

On April 23, 2013, the trial court granted Freedom's motion for attorney fees.

C.      *Bishop's SLAPP Motion*.

Meanwhile, on February 15, 2013, Bishop filed a SLAPP motion. Hupp did not file an opposition. On March 21, 2013, the trial court granted Bishop's SLAPP motion.

D.      *Bishop's Motion for Attorney Fees*.

On April 5, 2013, Bishop filed a motion for attorney fees. Yet again, Hupp did not file an opposition to the motion. On May 7, 2013, the trial court granted Bishop's motion for attorney fees.

On June 13, 2013, the trial court entered judgment against Hupp and in favor of Bishop.

E.      *Hupp's Motion to Set Aside*.

On July 22, 2013, Hupp filed a motion to set aside the order granting Bishop's SLAPP motion and the orders awarding Bishop and Freedom attorney fees. In it, he claimed that he had been incarcerated — and, as a result, unable to respond to the underlying motions — from February 19 through June 23, 2013.

The motion was accompanied by a purported memorandum of points and authorities, but the memorandum did not actually make any legal arguments nor cite any authorities.

The motion was also accompanied by a purported declaration, but the declaration was not executed under penalty of perjury, as required. (Code Civ. Proc., § 2015.5.)

In opposition to the motion to set aside, Freedom and Bishop argued that the motion should be denied because:

1. The memorandum of points and authorities "contains no legal authority . . . ."

2. The declaration was not under penalty of perjury.

3. The time to respond to Freedom's motion for attorney fees had already run before Hupp was allegedly incarcerated.

On August 28, 2013, the trial court denied the motion "on both procedural and substantive grounds."

On September 25, 2013, Bishop filed a notice of appeal.

II

APPEALABILITY

The only order or judgment that can possibly be the subject of this appeal is the August 28, 2013 order denying the motion to set aside. With respect to all other potentially appealable orders rendered up to and including the judgment, the notice of appeal was simply filed too late. (Cal. Rules of Court, rule 8.104(a)(1).)

We turn, then, to whether the order denying the motion to set aside was appealable. While Hupp's opening brief does include a section entitled "Statement of Appealability" (capitalization altered) (see Cal. Rules of Court, rule 8.204(a)(2)(B)), that statement is inadequate. It merely states, as relevant here, "This appeal . . . is authorized

5

by the Code of Civil Procedure, section 904.1(a)(1)." The subdivision cited authorizes an appeal from a final judgment. The order denying the motion to set aside is not a judgment.

"As a general rule, orders *denying* a motion to vacate are not appealable, because any assertions of error can be reviewed on appeal from the judgment itself. To hold otherwise would effectively authorize two appeals from the same decision. [Citations.]" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 2:169, p. 2-116.) "However, there are several *exceptions* to the nonappealability rule . . . ." (*Id.* at ¶ 2:170, p. 2-116.) Among other things, "[a]n order denying a motion to vacate is . . . appealable if there was no effective appeal from the judgment — e.g., if the record made at the time of the judgment did not disclose the grounds for appeal." (*Id.* at ¶ 2:176, p. 2-118.)

Here, the motion to set aside was made on the ground that Hupp had been incarcerated when the underlying orders were made. This is not an issue that could have been raised in an appeal from the judgment. It had to be raised, if at all, in a separate motion to set aside. Accordingly, the trial court's ruling denying the motion to set aside is appealable as an order after judgment. (Code Civ. Proc., § 904.1, subd. (a)(2).)

## III

## THE DENIAL OF THE MOTION TO SET ASIDE

Hupp contends that the trial court erred by denying his motion to set aside.

He now claims that that motion was brought under Code of Civil Procedure section 473, based on extrinsic fraud. Under this section, "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted . . . ." (Code Civ. Proc., § 473, subd. (b).)

"[T]he granting of a motion to vacate a judgment or order under Code of Civil Procedure, section 473, rests largely in the discretion of the trial court, and the ruling of the trial court will not be disturbed on appeal unless an abuse of discretion clearly appears." (*Olson v. Olson* (1957) 148 Cal.App.2d 479, 483.)

The trial court could properly deny the motion because it was not accompanied by a declaration under penalty of perjury. "'In order to qualify for [discretionary] relief under section 473, the moving party . . . must submit affidavits or testimony demonstrating a reasonable cause for the default.' [Citation.]" (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419.) The trial court was entitled to disregard Hupp's unsworn statements. (*Bonelli v. Chandler* (1958) 165 Cal.App.2d 267, 274.) There simply was no evidence supporting the motion.

The trial court could also properly deny the motion because Hupp did not cite any authorities. Subject to exceptions not applicable here, "[a] party filing a motion . . . must serve and file a supporting memorandum." (Cal. Rules of Court, rule 3.1113(a).) "The memorandum must contain . . . a concise statement of the law . . . relied on, and a discussion of the statutes, cases, and textbooks cited in support of the position advanced." (Cal. Rules of Court, rule 3.1113(b).) "The court may construe the absence of a memorandum as an admission that the motion . . . is not meritorious and cause for its denial . . . ." (Cal. Rules of Court, rule 3.1113(a).)

In addition, the trial court was required to deny the motion because it was not accompanied by any "pleading proposed to be filed . . . ." (Code Civ. Proc., § 473, subd. (b).) Admittedly, Freedom and Bishop did not argue this below. Hupp's motion, however, did not indicate that it was brought under Code of Civil Procedure section 473; as already discussed, it did not cite any authority at all. Thus, Freedom and Bishop had no reason to argue below that the motion did not comply with Code of Civil Procedure section 473. In any event, "even where a legal argument was not raised in the trial court, we have discretion to consider it when the theory raised for the first time on appeal is a pure question of law applied to undisputed facts. [Citations.]" (*San Mateo Union High School Dist. v. County of San Mateo* (2013) 213 Cal.App.4th 418, 436.)

Finally, the trial court could properly deny the motion because the record contradicted Hupp's claim that he had been unable to respond to the underlying SLAPP and attorney fee motions.

"'[T]he applicable standards of appellate review of a judgment based on affidavits or declarations are the same as for a judgment following oral testimony:  We must accept the trial court's resolution of disputed facts when supported by substantial evidence; we must presume the court found every fact and drew every permissible inference necessary to support its judgment, and defer to its determination of credibility of the witnesses and the weight of the evidence.'  [Citation.]"  (*Donahue Schriber Realty Group, Inc. v. Nu Creation Outreach* (2014) 232 Cal.App.4th 1171, 1183.)

Hupp managed to file ex parte applications for continuances on February 21, 2013, and again on March 8, 2013, even though he was supposedly incarcerated from February 19 through June 23, 2013.  Moreover, his declarations in support of those applications stated that he was "in trial" and "out of town," respectively — not that he was incarcerated.  The first declaration indicated that he would be able to respond by March 15, 2013.  The second declaration indicated that he would be available by April.  Thus, the trial court could reasonably find that Hupp simply was not credible.  (See *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 915.)

We therefore conclude that the trial court did not err by denying the motion to set aside.

IV

DISPOSITION

The order appealed from is affirmed.  Freedom and Bishop are awarded costs on

appeal against Hupp.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.

10