[Civ. No. 53833. Second Dist., Div. One. Dec. 27, 1978.]

LYDIA GOYA, Plaintiff and Appellant, v.
P.E.R.U. ENTERPRISES et al., Defendants and Respondents.

**COUNSEL**

Richard L. Rosett for Plaintiff and Appellant.

Philip A. Center for Defendants and Respondents.

**OPINION**

**LILLIE, Acting P. J.**—On July 14, 1974, Lydia Goya filed a four-count complaint naming P.E.R.U. Enterprises, La Brea Inn, Hollywood Press and twenty Does as defendants, alleging unauthorized publication of her photograph in an ad for La Brea Inn and conversion. She prays for $100,000 general damages and $1 million punitive damages. On October 9, 1974, plaintiff amended her complaint to substitute in the place of Does I through IV respondents herein, Paul C. Picard, Valentin Vera and Ketty Vera, and Kenny MacKenzie. Various services on these defendants

were alleged to have been thereafter made by plaintiff's counsel. No responsive pleading having been filed, plaintiff, on March 4, 1976, 17 months after amending her complaint, filed request to enter default against all defendants except MacKenzie. On November 4, 1976, judgment by default was entered against them for $18,000—$12,000 compensatory damages and $6,000 exemplary damages—and costs and disbursements. Plaintiff did not give notice of entry of said judgment to defendants until seven months later, on June 14, 1977.

On October 20, 1977, Picard, individually and doing business as P.E.R.U. Enterprises and Hollywood Press, and on November 7, 1977, the Veras individually and doing business as La Brea Inn, filed notice of motion to set aside default and to vacate default judgment, together with supporting declarations and points and authorities. Opposing declarations and request for sanctions were filed by plaintiff. Thereafter on December 9, 1977, the court made its order vacating the default and default judgment entered thereon. Plaintiff appeals from said order.

Appellant contends that defendants failed to meet their burden of proving by a preponderance of the evidence that they did not receive actual notice of the lawsuit, and failed to adequately show a defense on the merits; and that she has been seriously prejudiced by the order which to be "just" should have imposed sanctions.

It appears from defendants' points and authorities that relief was sought under sections 473 and 473.5, Code of Civil Procedure. Although situations appropriate for relief under section 473.5 may also support a motion under section 473, the trial court granted the same under section 473.5, finding "That this motion was made within the time specified by CCP 473.5(a), and lack of actual notice was not caused by an avoidance of service or inexcusable neglect."

■ Section 473.5, Code of Civil Procedure[1] is the successor statute to former section 473a. It permits the court to set aside a default or default

[1]Section 473.5 provides: "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him in such action, he may serve and file a notice of motion to set aside such default or default judgment and for leave to defend the action. Such notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him; or (ii) 180 days after service on him of a written notice that such default or default judgment has been entered.

"(b) A notice of motion to set aside a default or default judgment and for leave to defend the action shall designate as the time for making the motion a date not less than

judgment against a defendant and allow him to defend the action on its merits if (1) he received through no inexcusable fault of his own, no actual notice of the action in time to appear and defend, and had not made a general appearance; (2) a default or default judgment has been entered against him by the court; (3) he acted with reasonable diligence in serving and filing the notice of motion to set aside the default or default judgment; and (4) he has a meritorious defense. (Comment [to section 473.5]—Judicial Council.)

When as here an issue is tried on affidavits the rule of appellate review is that those favoring the contentions of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom; and when there is substantial conflict in the facts presented by way of affidavits, the determination of the controverted facts by the trial court will not be disturbed on appeal. This rule applies to orders made on motions for relief from default. (*Lynch* v. *Spilman,* 67 Cal.2d 251, 259 [62 Cal.Rptr. 12, 431 P.2d 636].)

With the foregoing in mind, we have viewed defendants' declarations and conclude that they support the implied finding that if service of summons and complaint was made on Picard and the Veras, it did not result in actual notice of the action to them in time to defend. Opposing declarations alleged service on Picard at his place of business, on November 13, 1974, and February 16, 1976, by Mr. Rosett, attorney for plaintiff, by handing to Mario Martinez, who identified himself as an assistant to Picard, summons and complaint and amended complaint, respectively, and by thereafter mailing copies thereof to Picard; and personal service on the Veras at their residence on November 10, 1974, and February 16, 1976, of summons and complaint and amended complaint, respectively, by Rosett who explained to them about the lawsuit. The supporting declarations establish that Picard[2] was never

---

10 nor more than 20 days after filing of such notice, and it shall be accompanied by an affidavit showing under oath that such party's lack of actual notice in time to defend the action was not caused by his avoidance of service or inexcusable neglect. The party shall serve and file with such notice a copy of the answer, motion, or other pleading proposed to be filed in the action.

"(c) Upon a finding by the court that the motion was made within the period permitted by subdivision (a) and that his lack of actual notice in time to defend the action was not caused by his avoidance of service or inexcusable neglect, it may set aside the default or default judgment on such terms as may be just and allow such party to defend the action."

[2] Picard also declared that in June 1977 he received by mail notice of entry of judgment, and consulted counsel who later informed him it was claimed that the papers were left for him with Martinez; he was ignorant of the filing of the lawsuit until his attorney told him about it in July 1977. Martinez asserted he was an advertising salesman for Picard but was not "any type of manager" for him or Hollywood Press or P.E.R.U. Enterprises; he did

personally served with summons and complaint or amended complaint either as an individual or on behalf of any fictitious entities, never received any documents relating to the lawsuit, never received any such papers from Martinez and never knew of the existence of the lawsuit until July 1977, and that he had no actual notice in time to defend the action; and that although served with copies of summons and complaint and amended complaint the Veras[3] were unaware of the nature of the documents and said documents did not result in actual notice to the Veras in time to defend the action individually and on behalf of La Brea Inn.

■ If the trial court believed the supporting declarations, and obviously it did, then defendants met their burden of proof. The declarations not only support the implied finding that service of summons and complaint and amended complaint did not result in actual notice to defendants in time to defend the action, but the express finding that their motion was made within the period of time specified by section 473.5, subdivision (a), and defendants' lack of actual notice was not caused by avoidance of service or inexcusable neglect.

■ Four months and six days elapsed between the time defendants received notice of entry of default judgment (June 14, 1977) and the filing of notice of motion to vacate default and set aside default judgment (Oct. 20, 1977). Appellant argues that this delay does not fall within the "reasonable time" requirement. But section 473.5, subdivision (a) provides that the notice of motion shall be served and filed within "a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him; or (ii) 180 days after service on him of a written notice that such default or default judgment has been entered."; and under the circumstances of this case we will not disturb

not remember receiving any documents, at no time told Picard any such documents had been left with him and did not give any documents to Picard; his first knowledge of any claim contained in the lawsuit was in July 1977 when so informed by Picard's counsel.

[3]The declarations of Valentin Vera, Ketty Vera and Kenneth MacKenzie establish that the Veras did not take any active interest in running the business of La Brea Inn and that it was managed solely by MacKenzie; they were rarely on the premises and did not receive mail for the business, and any papers that may have been served on MacKenzie and any facts attendant thereto were not made known to either Valentin or Ketty; they were unaware they were defendants in any lawsuit until July 1977 and were not informed of any such documents prior to July 1977; Ketty personally received some papers from a man who came to the door of their home; the Veras are natives of Peru and can neither read nor write English except to a very limited degree; she did not remember the man explaining the contents of the papers and did not understand the nature of the documents; she turned the papers over to MacKenzie who manages the La Brea Inn, and asked him to take care of them; those papers were copies of summons and complaint but business was poor, MacKenzie was busy and he forgot to do anything about them.

the trial court's finding that the motion was made "within the time specified by CCP 473.5(a)."

■ Also without substance is appellant's contention that the declarations of merits failed to show a different result will be reached if the cause is tried because defendants did not deny using her photograph or state that they had permission to use it. The declarations of merits of defendants and their counsel are of the kind customarily used on such motions. But in addition thereto the proposed answers filed by defendants with notices of motion to set aside defaults and default judgment were before the trial court. Although appellant did not see fit to include these proposed pleadings in the record before us, we have examined them in the superior court file pursuant to oral stipulation of the parties at oral argument in this court. The proposed answers contain the denials, albeit on information and belief, appellant asserts are missing in the declarations of merits. Moreover, we note that in his declaration, Kenneth MacKenzie, manager of the La Brea Inn asserts that he is personally responsible for advertising and at no time authorized publication of the ad in question, was unaware that a photograph of plaintiff had appeared therein until the summer of 1977 and never authorized the use of plaintiff's likeness. On oral argument respondents' counsel stated that while the denials by the Veras and La Brea Inn stand, he was willing to concede as to Picard only to the unauthorized use of plaintiff's photograph but submitted that the real issue as to Picard was one of damages.[4] The court impliedly found the showing by defendants of the existence of a good defense to be adequate, and so do we.

■ Having made its findings, the court then was invested with the discretion to set aside the default and default judgment "on such terms as may be just and allow such party to defend the action." (Code Civ. Proc., § 473.5, subd. (c).) Manifest in the record is no abuse of judicial discretion. In the exercise of its discretion the court could consider a variety of factors including the history of the lawsuit, any delays in the procedural progress of the action and any circumstances bearing on prejudice and unfairness to plaintiff. Substantial unexplained delays on the part of plaintiff run through the two years and eleven months this action was pending. Fifteen months elapsed between the filing of the amended complaint (Oct. 9, 1974) and service thereof on defendants

---

[4]Although section 3344, subdivision (a), Civil Code provides for "any damages sustained" by the person injured as a result of any unauthorized use of a photograph, and liability of "no less than three hundred dollars ($300)," we agree with respondents that even assuming their liability, there is still a substantial question of compensatory and punitive damages.

(Feb. 16, 1976); eight months elapsed between filing request to enter default (Mar. 4, 1976) and entry of judgment by default (Nov. 4, 1976); and seven months elapsed between entry of judgment (Nov. 4, 1976) and the date plaintiff served notice of entry of judgment on defendants (June 14, 1977). Further, we note that copies of summons and complaint and amended complaint were served separately and at different times—for example, service of summons and complaint (filed July 14, 1974) was made on the Veras on November 10, 1974, one month *after* the amended complaint was filed, but service of amended complaint (filed Oct. 9, 1974) was not made on the Veras until 15 months later, on February 16, 1976. One wonders why all of the foregoing documents were not served on the Veras at the same time, on November 10, 1974. On November 4, 1976, a default judgment in a substantial sum was taken against defendants for an alleged unauthorized use of a photograph of plaintiff (an entertainer) in an ad for the La Brea Inn, a restaurant and bar; but plaintiff did not give notice to defendants of entry of this judgment for $18,000 until seven months later.

Appellant's claim of prejudice is predicated on two assertions—one, that the vacation of the judgment prevents her from being able to obtain employment; and two, in order to obtain entry of default she had to dismiss all Doe and unserved defendants—neither of which is supported by argument or citation of authority. Appellant does not explain in what manner she will suffer damage by having her lawsuit heard on its merits. We note that she suffered herself a delay of 15 months between the filing of her amended complaint and service thereof on defendants during which she was in the same position as she is now—there was no court determination on the merits and certainly, no retraction or denial by defendants. ■ Prejudice arising out of dismissal of Doe defendants upon obtaining entry of default is no greater to this plaintiff than to any party who must dismiss the Doe defendants under the same circumstances. As pointed out by respondents, if appellant's claim of prejudice based upon this proposition had merit, it would be impossible to have any such default and default judgment set aside. Appellant has failed to demonstrate any prejudice resulting from the court's order other than that she must proceed to trial on her case on the merits.

Section 473.5, subdivision (c) provides that this court "may set aside the default or default judgment on such terms as may be just." As in section 473 this authorizes the imposition of reasonable conditions to avoid prejudice or unfairness to plaintiff. Appellant complains that the order setting aside the defaults and default judgment was not "just"

absent the imposition of "meaningful sanctions." ▪ We cannot say, as urged by appellant, that because the trial court did not expressly deny her request for sanctions that it failed to exercise its discretion in the premises. We view the silence of the trial court in the matter of terms on which the defaults and default judgment shall be set aside and vacated as a clear indication of the court's election not to impose sanctions on defendants in excusing them from their default and allowing them to defend the action. Implicit in this election is its finding that considering all of the circumstances in the context of possible prejudice or unfairness to plaintiff, the trial court did not deem it unfair or unjust to her to set aside the defaults and default judgment without the imposition of any terms or conditions therefor. We perceive no abuse of discretion in the court's failure to award "monetary sanctions to be paid to plaintiff's attorney as a condition" to defendants being permitted to defend the action, as suggested by appellant in her points and authorities in opposition to motion to set aside defaults and default judgment.

The order is affirmed.

Thompson, J., and Hanson, J., concurred.

A petition for a rehearing was denied January 22, 1979, and appellant's petition for a hearing by the Supreme Court was denied February 21, 1979.