[No. B050603. Second Dist., Div. One. May 31, 1991.]

KODIAK FILMS, INC., Plaintiff and Respondent, v.
GARY JENSEN, Defendant and Appellant.

## COUNSEL

Diamond & Scharnberger and Robert L. Diamond for Defendant and Appellant.

Grayson, Givner, Booke, Silver & Wolfe, J. Stacie Johnson and Ira M. Friedman for Plaintiff and Respondent.

## OPINION

**SPENCER, P. J.—**

### INTRODUCTION

Defendant Gary Jensen appeals from an order granting his motion to set aside a default and default judgment on the condition that he pay plaintiff Kodiak Films, Inc. $4,848.48 and an additional $750 "as sanctions, reasonable conditions and costs."

### STATEMENT OF FACTS

On February 19, 1988, plaintiff filed a complaint alleging defendant's breach of contract, breach of the covenant of good faith and fair dealing, fraud and negligent misrepresentation. On March 6, 1988, after making three unsuccessful attempts to serve defendant, plaintiff attempted to effect substitute service by serving one Deena Shepherd at 29193 Heffner Road, Acton, California, and thereafter mailing on March 8 copies of the summons and complaint to the same address. The mailed copies were not returned to the process server by the postal service. The process server's proof of service identifies Ms. Shepherd as "girlfriend, competent member of household." The Heffner Road residence was one defendant had occupied with his former wife, who owned the residence; in 1985, it was listed as the residential address of the officers of defendant's corporation. Defendant had not resided there since August 1987.

Inasmuch as defendant failed to answer, plaintiff filed a request to enter a default on April 20, 1988. A copy of the request was mailed to defendant at the Heffner Road address; it was not returned to plaintiff's counsel by the postal service. On August 11, 1988, plaintiff filed a request for a default judgment along with the supporting evidence necessary to prove up the judgment. Again, copies of these documents were mailed to defendant at the Heffner Road address; again, they were not returned to plaintiff's counsel by the postal service. The court granted the request and rendered judgment on the same date, August 11. There is no indication notice of the entry of the judgment ever was served on defendant.

On October 14, 1988, plaintiff applied for the issuance of a writ of execution; the writ was issued on the same date. A notice of a judgment lien on personal property was mailed to defendant at the Heffner Road address on October 18, 1988; it was not returned to plaintiff's counsel by the postal service. The marshal levied on defendant's interest in property in the possession of Chelsea Partners on October 26, 1988. Since the only property in the possession of Chelsea Partners was that of defendant's corporation and not defendant personally, the levy yielded nothing.

Plaintiff then secured on April 20, 1989, an order for the judgment debtor to appear for examination on June 5, 1989. There is no indication the order was served; the matter was taken off calendar on June 5, since defendant did not appear. Plaintiff obtained a second order to appear on September 20, 1989; the date set for defendant's appearance was December 13, 1989. Again, there is no indication the order was served on defendant; the matter was taken off calendar on December 13, since defendant did not appear. Plaintiff repeated this process on February 20, 1990, with the same result when defendant did not appear on April 11, 1990.

In early February 1990, defendant's bank informed him someone was attempting to attach his account. During the first week of February, defendant contacted Attorney Robert L. Diamond, who then contacted the attorney attempting the execution on defendant's bank account. He learned this attorney simply was handling collection on the judgment and knew nothing of the underlying lawsuit. It took Attorney Diamond approximately three weeks to secure the case file documents from the clerk's office.

Defendant works in the motion picture industry and consequently is out of the country filming for long periods of time. He was out of the country for substantial parts of February and March 1990. He did not learn of the existence of the default judgment until his return in April.

From August 1987 to May 1989, defendant resided at 6802 Sierra Highway, Acton, California. At no time during that period did he reside at the

Heffner Road address and, to his knowledge, Ms. Shepherd never resided there either. A copy in the court file shows a notice that defendant's personal records were being sought was mailed by the attorney attempting to collect on the judgment to defendant at 1000 Commercial Street, Princeton, California. Defendant has never lived in Princeton and is not familiar with the Commercial Street address.

CONTENTIONS

I

Defendant contends the trial court erred in conditioning his relief from the default and default judgment on the payment to plaintiffs of $5,598.48, in that such an award is not authorized when a default and default judgment are set aside pursuant to Code of Civil Procedure section 473.5.

II

Defendant further contends the trial court abused its discretion, in that it awarded plaintiffs an excessive amount.

DISCUSSION

I

Defendant contends the trial court erred in conditioning his relief from the default and default judgment on the payment to plaintiff of $5,598.48, in that such an award is not authorized when a default and default judgment are set aside pursuant to Code of Civil Procedure section 473.5. We agree in the particular circumstances of this case.

In support of his contention, defendant relies on the absence from Code of Civil Procedure section 473.5 of express language similar to that found in Code of Civil Procedure section 473: "Whenever the court grants relief from default judgment based on any of the provisions of this section, the court may: (1) impose a penalty of no greater than one thousand dollars ($1,000) upon an offending attorney or defaulting party, (2) direct that an offending attorney pay an amount no greater than one thousand dollars ($1,000) to the State Bar Client Security Fund or (3) grant such other relief as is appropriate." Defendant is correct in interpreting the absence of similar language from section 473.5 as meaning an award of *sanctions*, or a penalty, is unauthorized by that section. This is not dispositive of the question,

however. We must consider the judicial interpretation of other pertinent language, which is closely similar in both statutes.

Code of Civil Procedure section 473 permits the court, "upon such terms as may be just," to relieve a party "from a judgment, order, or other proceeding." The phrase "upon such terms as may be just" has been interpreted as authorizing a monetary award as compensation for the prejudice, expense or loss occasioned by setting aside a judgment or order. (*Jade K. v. Viguri* (1989) 210 Cal.App.3d 1459, 1474 [258 Cal.Rptr. 907], review den. Aug. 30, 1989; *Kirkwood v. Superior Court* (1967) 253 Cal.App.2d 198, 201 [61 Cal.Rptr. 316].) This is clearly distinguishable from the sanctions, or penalty, expressly authorized by section 473, for the imposition of sanctions is a form of punishment. Code of Civil Procedure section 473.5, subdivision (c), employs similar language as does section 473. It authorizes the court, upon findings "that the motion was made within the period permitted . . . and that his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect," to set aside the default or default judgment "on whatever terms as may be just." Again, this language has been interpreted as authorizing the imposition of any reasonable condition to avoid unfairness or prejudice to the plaintiff. (*Goya v. P.E.R.U. Enterprises* (1978) 87 Cal.App.3d 886, 894 [151 Cal.Rptr. 258].) The question is whether the concept of unfairness encompasses loss or expense occasioned solely by granting the defendant relief.

The payment of a monetary award might well be a reasonable condition designed to avoid unfairness in certain circumstances. For instance, if the lack of notice has resulted from the defendant's *excusable* neglect, mistake or inadvertence, then the defendant is not entirely innocent and should not be placed in a better position than he would have enjoyed had he received actual notice. Similarly, if the plaintiff indeed effected service properly, but for some reason, the defendant nonetheless did not receive actual notice (see, e.g., *Goya v. P.E.R.U. Enterprises, supra*, 87 Cal.App.3d at pp. 891-892), then the plaintiff is no less innocent than the defendant and it may be that both parties should be maintained in positions of relative parity. However, those conditions are not present here, and plaintiff has not claimed any actual prejudice requiring recompense. All that is at issue here is the considerable expense incurred in proving up the default judgment and thereafter attempting to collect on it.

At first blush, it may appear unfair to impose this added expense on plaintiff as a consequence of granting defendant relief. However, it is upon plaintiff that the burden lay of effecting service in a manner designed to afford the defendant with "actual notice . . . in time to defend the action." (Code Civ. Proc., § 473.5, subd. (a).) Here, plaintiff purported to effect

substitute service on a "girlfriend, competent member of household" at an address at which defendant had not lived for several months. In granting defendant relief, the trial court necessarily found he did not receive actual notice in time to defend the action, brought the motion for relief within a reasonable time and the lack of notice was not caused by his avoidance of service or inexcusable neglect. (*Id.*, subd. (c).) Nothing in the record suggests his *excusable* neglect, mistake or inadvertence caused his lack of actual notice. While we do not imply plaintiff was inexcusably negligent or acted in anything other than good faith in attempting to effect substitute service on defendant, as between these various innocent parties, plaintiffs are relatively the less innocent. Thus, it is less unfair to burden plaintiff with the added expense attending defendant's relief from default than it would be to burden defendant with it.

In short, in the circumstances presented here, a monetary award compensating plaintiff for the expense occasioned by granting defendant relief is not a reasonable condition imposed to avoid unfairness to the plaintiff. (*Goya* v. *P.E.R.U. Enterprises, supra*, 87 Cal.App.3d at p. 894.) To the contrary, it *creates* unfairness by burdening the more innocent party with that expense. Accordingly, where the defendant is free from fault and nothing more is at issue than the legal expense the plaintiff has incurred, it is error to condition relief from a default and default judgment pursuant to Code of Civil Procedure section 473.5 on the payment of a monetary award.

II

Defendant further contends the trial court abused its discretion, in that it awarded plaintiff an excessive amount. In view of the conclusion we have reached in part I, it is unnecessary to address this contention.

The order of May 17, 1980, which conditionally grants defendant's motion to set aside the default and default judgment, is modified to delete all monetary conditions imposed therein. As modified, the order is affirmed. Defendant is to receive costs on appeal.

Devich, J., and Ortega, J., concurred.