Filed 2/10/16  Wang v. Lin CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CHING YUN WANG, | |
| Plaintiff and Appellant, | E062889 |
| v. | (Super.Ct.No. RIC1312524) |
| TONY LIN, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Gloria Connor Trask, Judge.  Affirmed.

Kenny Tan, Adam Hussein and Tiffany Garrick for Plaintiff and Appellant.

Law Offices of Cindy N. Tran and Cindy N. Tran for Defendant and Respondent.

Plaintiff and appellant Ching Yun Wang appeals the trial court's order granting the motion to set aside default filed by defendant and respondent Tony Lin.  Wang had filed a breach of contract action against Lin in regards to a lease agreement for property located in Corona.  A default judgment was entered against Lin when he failed to respond.  Lin filed his motion for relief from default or to set aside the default pursuant to

1

Code of Civil Procedure section 473.5[1] (motion) insisting he never received actual notice of the lawsuit. The court granted the motion.

Wang contends on appeal that (1) Lin was properly served with the notice of entry of default, and his motion, filed 299 days after service of the notice, was untimely; and (2) Lin's motion was not filed within a reasonable time after receiving notice of the lawsuit. We affirm the trial court's order setting aside the default judgment.

**FACTUAL AND PROCEDURAL HISTORY**

Wang alleged that he entered into a lease agreement with Lin for the property located on Stonegate Drive in Corona (Corona Property). Between February 2013 and July 2013, Lin grew marijuana at the Corona Property. On July 31, 2013, a fire broke out at the Corona Property. Lin abandoned the Corona Property and stopped paying rent.

On November 5, 2013, Wang filed an action for breach of contract against Lin (complaint).[2] On January 10, 2014, Wang filed a request for entry of default. Lin was served with the request for entry of default at an address identified as 1412 Cottonwood Street in Upland (Upland Property). The notice of entry of default, filed on February 24, 2014, was also sent to the Upland Property.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] The complaint has not been made part of the record on appeal.

On December 15, 2014, Lin filed his motion. Attached to the motion was Lin's declaration; a letter sent by Wang's counsel, Kenny Tan, to Lin; a police report prepared by the Upland Police Department; and the proposed answer to the complaint.

According to Lin's declaration, he averred he never received the summons and complaint. He had no knowledge of the lawsuit until he received Tan's letter on July 23, 2014. He called Tan and was given the Riverside Superior Court case number for Wang's lawsuit. He looked online and discovered the lawsuit was about a lease of the Corona Property. He never signed the lease; he never lived in Corona; and he did not grow marijuana in the house or set it on fire. Lin contacted the Upland Police Department and filed a report that someone had stolen his identity and leased the Corona Property in his name. Lin claimed he did not avoid service and did not make any mistake regarding the case. Once he found out about the judgment, he "promptly" reported the identity theft and hired counsel.

The letter from Tan to Lin was dated July 23, 2014. Tan informed Lin that he represented Wang. It was sent to Lin at an address on East Sunset Hill Drive in West Covina (West Covina Property). The letter informed Lin that a judgment in the amount of $106,472.17 had been entered against him. Tan wanted to negotiate a settlement.

The police report was filed on August 16, 2014. According to the report, Lin stated that he received Tan's letter around July 23, 2014. Lin recounted to the Upland police officer that he had a judgment against him in regards to the lease agreement for the Corona Property. Lin insisted he had never rented a house in Corona and did not sign the lease agreement. Lin acknowledged that on the lease agreement for the Corona Property,

3

the address for his rental property, the Upland Property, was listed.  At the time the lease agreement for the Corona Property was signed, he had a renter living in the Upland Property.  Lin had no contact information or name of the renter living in the Upland Property.  Although Lin did not know who had stolen his identity, he wanted someone prosecuted.  The matter was forwarded to the Corona Police Department for investigation.

Wang filed opposition to the motion.  Wang alleged that the motion was untimely.  Wang, citing to section 473.5, stated that Lin had 180 days from the time the notice of entry of judgment was served to file the motion.  Wang served Lin with the notice of entry of judgment on February 19, 2014.  As such, Lin had to file the motion by August 18, 2014; Lin did not file the motion until December 2014.

Moreover, even if the motion was not barred by the 180-day time limit, Lin was required by section 473.5 to file the motion within a reasonable time after receiving actual notice.  Even assuming Lin had not received notice of the default judgment until July 2014, he waited until December 2014 to file the motion.  Lin had provided no explanation as to why he waited so long to file his motion.  Wang was prejudiced by the delay as collection procedures had already been commenced on the judgment and granting relief would result in a loss of money to Wang.

Tan filed a declaration.  Tan stated that his office had served Lin with the notice of entry of default and other documents.  He provided proofs of service that the documents were sent, and they were all mailed to the Upland Property.  In July 2014 his office received a telephone call from Lin.  Lin insisted he did not sign the lease agreement.  Lin

4

provided no proof of the assertion. Tan informed Lin he would need to seek to have the default set aside.

Lin filed a reply to the opposition. Lin alleged that the proofs of service for the notice of entry of default and request for court judgment were all served at the Upland Property. Lin did not live at the Upland Property. He only became aware of the lawsuit when he was served at the West Covina Property, which was his home address. The motion was filed well within the 180-day time limit.

The motion was heard on January 13, 2015, after the trial court stated its tentative ruling was to grant the motion. The trial court explained its tentative ruling. It appeared to the trial court that there was no notice to Lin at the Upland Property. The first actual notice was on July 23. The 180-day time limit to file the motion began on July 23. Lin's behavior by filing a report with the Upland Police Department was consistent with him not receiving notice. The time between the notice on July 23 and the filing of the motion was reasonable. Lin spent time investigating the circumstances, calling counsel, reviewing the case online, filing a police report, and preparing papers.

Wang argued that the notice to the Upland Property was proper. Wang contended that Lin had never stated in his motion or declaration that the Upland Property was not a good address for him. Lin never provided that the Upland Property was not a business or mailing address. These would be appropriate for substitute service under section 415.20. Lin had admitted that he owned the Upland Property. It was not invalid to serve the entry of default at the Upland Property.

Lin's counsel responded that Lin had no actual notice of the complaint or entry of judgment. He did not live at the Upland Property. Wang did not serve Lin at his proper address, the West Covina Property, until he wanted to collect the money on the judgment.

The trial court determined that Lin made it clear the Upland Property was rental property and he did not live there. He only got notice when he was served at the proper address.

Wang's counsel again argued that Lin denied the Upland Property was his address at the time he made the police report, which was a year after the filing of the complaint. Lin never averred he did not live at the Upland Property when the complaint was served. Wang's counsel also argued that it was possible to have multiple places for valid service, including mailing address, business address, and usual dwelling.

The trial court responded, "Well, I think that what is most significant is his conduct. And his conduct and actions are that of a person who did not have knowledge of the case. It's the conduct of a person who is surprised." The trial court granted the motion and set aside the default judgment. The order granting the motion, setting aside the default and granting leave for Lin to file the proposed answer to the complaint, was filed on January 13, 2015.

## DISCUSSION

### A.    MOTION FOR RELIEF FROM DEFAULT

Wang contends that the trial court should not have granted Lin's motion. First, he claims that Lin was properly served with the notice of entry of default at his last known address and that he failed to file the motion within 180 days of service; and second, even

6

if he was not properly served with the notice, he failed to file the motion within a reasonable time after having knowledge of the lawsuit within the meaning of section 473.5.

Section 473.5 provides in pertinent part: "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

"[A] defendant's right to relief from a default judgment initially turns on whether or not he had actual notice of the action in which the judgment was entered against him." (*Tunis v. Barrow* (1986) 184 Cal.App.3d 1069, 1077.) "'"[A]ctual knowledge" has been strictly construed, with the aim of implementing the policy of liberally granting relief so that cases may be resolved on their merits.'" (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547.)

"A party seeking relief under section 473.5 must provide an affidavit showing under oath that his or her lack of actual notice in time to defend was not caused by inexcusable neglect or avoidance of service." (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1319.) In order to obtain relief, a defendant must show that he (1) received, through no inexcusable fault of his own, no actual notice of the action in time to appear

7

and defend; (2) acted with reasonable diligence in serving and filing notice of the motion to set aside the default and default judgment; and (3) has a meritorious defense to the action. (§ 473.5, subd. (b); *Goya v. P.E.R.U. Enterprises* (1978) 87 Cal.App.3d 886, 891.)

"A motion to vacate a default and set aside a judgment . . . 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.' [Citations.] The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Anastos v. Lee*, *supra*, 118 Cal.App.4th at pp. 1318-1319.)

"When as here an issue is tried on affidavits the rule of appellate review is that those favoring the contentions of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom; and when there is substantial conflict in the facts presented by way of affidavits, the determination of the controverted facts by the trial court will not be disturbed on appeal." (*Goya v. P.E.R.U. Enterprises*, *supra*, 87 Cal.App.3d at p. 891.) "'[A] trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.'" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.)

Here, Lin declared that he was never served with the summons and complaint. He also claimed he had no knowledge of the lawsuit until he received the letter from Tan in July 2014. That letter was sent to his West Covina Property as opposed to all of the previous notices, which were served at the Upland Property. In his report to the police, Lin claimed that he never signed the lease agreement. The trial court could reasonably

8

rely on Lin's declaration and police report. Further, the trial court properly relied upon the fact that Lin's actions after he claimed he received actual notice—filing a claim of identity theft with the Upland police and seeking counsel—were consistent with Lin having received notice in July 2014.

Wang insists that Lin was properly served with the notice of entry of judgment at the Upland Property because it was his last known address. As such, Lin did not comply with the 180-day time limit provided in section 473.5. However, this presumes that Lin signed the lease agreement for the Corona Property and provided the Upland Property as his last known address. Lin provided evidence to the contrary, including that a renter was living in the Upland Property at the time he supposedly signed the lease agreement. Further, this does not explain why Wang sent a letter to Lin's West Covina Property once he wanted to collect on the judgment, but did not serve the notice of entry of default at that address. The trial court reasonably concluded that Lin was not served with the complaint, and that the mailing of the notice of entry of default to the Upland Property did not provide notice of the lawsuit to Lin.

Furthermore, we will not disturb the trial court's finding that once Lin received actual notice of the default judgment he filed his motion within a reasonable time. The trial court determined that Lin's actions once he discovered the default were consistent with someone who did not have actual notice of the lawsuit. Lin contacted the police and searched online for the lawsuit. The trial court reasonably determined that Lin was diligent in investigating and filing the motion. The reasoning of the trial court is

9

supported by the record and the granting of Lin's motion did not constitute an abuse of discretion.

**DISPOSITION**

The order of the trial court is affirmed.  Respondent is awarded his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____

J.

We concur:

McKINSTER_____

Acting P. J.

CODRINGTON_____

J.